UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                          :
JESSE MILLER                              :
                                          :      CASE NO. 1:13-CV-01422
                 Plaintiff,               :
                                          :
vs.                                       :      OPINION & ORDER
                                          :      [Resolving Docs. No.15, 16, and 19]
AT&T CORP., et al.                        :
                                          :
                 Defendants.              :
                                          :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       In this Fair Labor Standards Act ("FLSA") case, Defendants AT&T Corp. and The Bell

Telephone Company move for judgment on the pleadings. Defendants say Plaintiff Miller fails to

state an individual or collective FLSA claim upon which relief can be granted. For the following

reasons, the motion is **DENIED.**

## I. Background

       Plaintiff Miller worked for Defendants AT&T Corp. and The Ohio Bell Telephone Company

from 2003 until his termination on September 12, 2013.[1]  Most recently, Miller worked as a

Premises Technician in the U-verse department.[2]

       During his employment, Plaintiff Miller says Defendants instructed him and other employees

_____

    [1] Doc. 1 at 2.
    [2] *Id*. at 3.

Case No. 1:13-CV-1422
Gwin, J.

to clock-in when the first dispatch assignment was received and to clock-out upon returning to their garages.[3/]  Miller says he and other employees performed work for Defendants, and Defendants knew he was performing work, before their first dispatch including obtaining equipment, testing equipment, preparing their vehicles for travel, and cleaning.[4/]  Miller also says he and other employees performed work prior to returning to the garage including cleaning their vehicles and returning equipment.[5/]

On June 28, 2013, Miller filed his complaint, alleging retaliation and discrimination as well as violations of the FLSA.[6/]  Miller brought the FLSA claims on behalf of himself and a collective class.[7/]  The proposed collective class includes all persons employed by Defendants as technicians or other dispatched service workers during a three-year period who performed work before or after dispatch assignments without compensation.[8/]

On August 21, 2013, Defendants filed a motion for judgment on the pleadings related to Miller's individual and class FLSA claims.[9/]  On September 27, 2013, Plaintiff Miller filed his response.[10/]  The motion is now ripe.

## II.  Legal Standard

"After the pleadings are closed–but early enough not to delay trial–a party may move for

---

[3/]*Id.* at 4.

[4/]*Id.*

[5/]*Id.*

[6/]*See generally* Doc. 1.

[7/]*Id.* at 3.

[8/]*Id.*

[9/]Doc. 15.

[10/]Doc. 19.

Case No. 1:13-CV-1422
Gwin, J.

judgment on the pleadings."[11/]  On a motion for judgment on the pleadings under Federal Civil Rule

12(c), the Court uses the same standard as a motion to dismiss for failure to state a claim upon which

relief can be granted under Rule 12(b)(6).[12/]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim for relief that is plausible on its face.'"[13/]  The plausibility requirement is not

a "probability requirement," but requires "more than a sheer possibility that the defendant has acted

unlawfully."[14/]

Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires

that a complaint "contain ... a short plain statement of the claim showing that the pleader is entitled

to relief."[15/]  "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading

regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing

more than conclusions."[16/]  In deciding a motion to dismiss under Rule 12(b)(6), "a court should

assume the[ ] veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's

conclusory allegations as true.[17/]

### III.  Analysis

### A. FLSA Claim

Defendants  say Plaintiff Miller fails to adequately plead an individual or collective FLSA

---

[11/]Fed. R. Civ. P. 12(c).

[12/]See Tucker v. Middleburg–Legacy Place, 539 F.3d 545, 549 (6th Cir.2008)

[13/]Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)).

[14/]Id.

[15/] Fed.R.Civ.P. 8(a)(2).

[16/] Iqbal, 556 U.S. at 678–79. (citations omitted).

[17/]Id.

Case No. 1:13-CV-1422
Gwin, J.

claim for unpaid overtime compensation under the Supreme Court's interpretations of Rule 8(a)(2) in *Twombly* and *Iqbal*.[18/]  Specifically, Defendants say Miller fails to allege that Defendants required him or anyone else to engage in any activities before clocking-in or after clocking-out[19/].  Further, Defendants say Miller  fails to plead when or how many hours he or anyone else allegedly worked off-the-clock.[20/]  Plaintiff Miller disagrees and says his complaint meets the straightforward pleading requirements imposed for FLSA claims.[21/]

In order to state a claim under the FLSA for unpaid overtime, plaintiff must allege (1) defendant employed him, (2) defendant is an enterprise engaged in interstate commerce covered by the FLSA, and (3) the plaintiff actually worked in excess of a 40-hour work week.[22/]  Plaintiff Miller says he and others were employed by Defendants,[23/] FLSA applies to Defendants,[24/] and he and others regularly worked more than 40 hours a week without compensation.[25/]  The existing complaint provides Defendants with sufficient notice of the allegations to form a response.  Thus, the Court finds that Miller has stated facts more than sufficient to give rise to a "plausible suggestion" of a claim.[26/]  With respect to the collective action issue, the Court will address the appropriateness of proceeding collectively when Plaintiff Miller moves for conditional certification and issuance of class notification.

---

[18/]*See generally* Doc. 16.

[19/]*Id.* at

[20/]Doc. 15 and 16.

[21/]Doc. 19 at 5.

[22/]29 U.S.C. §207(a)(1). *See also Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 43 (1st Cir. 2013); *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012).

[23/]Doc. 1 at 2, 3.

[24/]*Id.* at 3.

[25/]*Id.* at 4.

[26/]*Bell Atlantic v. Twombly*, 550 U.S. 544, 566 (2007).

Case No. 1:13-CV-1422
Gwin, J.

**B. Statute of Limitations**

Defendants also argue Plaintiff Miller has alleged insufficient facts to support his willful allegation.[27]  The FLSA extends the statute of limitations for overtime compensation claims from two years to three years for willful violations.[28]  To establish willfulness, a plaintiff must show that "the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."[29]  Defendants say "beyond sprinkling his complaint with the term 'willful,' Plaintiff does not allege any *facts* that would justify extending the statute of limitations on his and any collective action claims beyond the standard two years for FLSA violations."[30]

The Court disagrees. Here Plaintiff Miller says Defendants' conduct was willful in paragraphs 30, 54, and 58 of his complaint.  Furthermore, Plaintiff gave additional facts in support of this allegation.  Plaintiff says Defendants instructed Miller and members of the collective class how to record hours worked.[31]  Plaintiff says Defendants instructed Miller and members of the collective class not to clock-in until they received the first dispatch assignment and clock-out as soon as they returned to their garages.[32]  Plaintiff Miller also says "Defendants failed to maintain and/or preserve records of the hours of the members of the collective class worked."[33]  Assuming the truth of these allegations, Plaintiff Miller states an arguable claim for willful violation of FLSA's overtime provisions.

---

[27]/Doc. 16 at 16.

[28]/29 U.S.C. § 255(a); *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 842 (6th Cir. 2002).

[29]/*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

[30]/Doc. 16 at 21.

[31]/Doc. 1 at 11.

[32]/*Id.* at 4.

[33]/Doc. 19 at 12.

Case No. 1:13-CV-1422
Gwin, J.

## IV. Conclusion

For the reasons set forth above, Defendants' motion for judgment on the pleadings is

**DENIED.**

IT IS SO ORDERED.


Dated: October 9, 2013                         s/_____*James S. Gwin*_____
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE